UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                              Case No. 3:21-cr-4

vs.

STEPHANIE RENEE GRANADOS,         District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) GRANTING DEFENDANT STEPHANIE RENEE GRANADOS'S UNOPPOSED MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 20); (2) DIRECTING THE U.S. BUREAU OF PRISONS TO FACILITATE HER TRANSPORTATION TO HER MOTHER'S HOUSE IN OHIO WITHIN 48 HOURS OF THIS ORDER; AND (3) IMPOSING THE ADDITIONAL REQUIREMENT THAT GRANADOS BE PLACED IN HOME CONFINEMENT AT HER MOTHER'S HOUSE ON AN ANKLE MONITOR UNTIL AUGUST 17, 2023**

---

This criminal case is before the Court on Defendant Stephanie Renee Granados's unopposed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. No. 20. Granados has a hearing impairment. Her hearing impairment is progressively worsening, and she is suffering from an extreme and painful ear infection. *Id.* Granados initially filed the motion *pro se*. *Id.* Her previously appointed counsel filed a supplemental memorandum supporting her request. Doc. No. 21. The Government initially opposed the request. Doc. No. 23. However, after multiple weeks of struggling to ensure Granados receives adequate medical care, the Government stated at a hearing on July 12, 2023 that it no longer opposes Granados' request.

The Court met with relevant parties on multiple occasions to discuss this motion. At a teleconference on June 29, 2023, the U.S. Bureau of Prisons ("BOP") stated that it scheduled an appointment with an Ear, Nose, and Throat Doctor on July 5, 2023 to address Granados's concerns.

The Court then scheduled a hearing on July 12, 2023 to discuss Granados's status after that appointment. Before that hearing occurred, the Court received notice from Granados's counsel that she was in extreme pain and her hearing has significantly worsened. The Court then held a teleconference on July 10, 2023 to ascertain Granados' condition. After learning that she was not in a life-threatening condition, the Court reserved judgment on her motion until the July 12, 2023 hearing. At the July 12, 2023 hearing—which took place by GoToMeeting with the transcript projected via screensharing for Granados to follow and respond to questions—the Court learned that Granados did, in fact, see an Ear, Nose, and Throat Doctor on July 5, 2023. The Doctor prescribed two medications. Granados received one after the appointment but received the other medication on July 11, 2023—six days later.

Granados initially filed her motion for compassionate release on June 8, 2023. By the date of this order, over a month later, the BOP has failed to remedy her infection or her increased hearing impairment. Granados remains in pain and with a diminished ability to hear. Moreover, she cannot use her cochlear implants because it causes her pain to touch her ears.

Typically, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But this rule is subject to a few exceptions, including that a court may grant a defendant's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) permits the Court to reduce a defendant's term of imprisonment upon a defendant's motion after 30 days after Defendant requests such release from the BOP facility's warden, among other options. 18 U.S.C. § 3582(c)(1)(A). Granados requested compassionate release from her facility warden on May 9, 2023. Doc. No. 20-1 at PageID 71. As over 30 days have passed since the warden received her request, this motion is ripe for review.

In evaluating Granados's motion for compassionate release, the court must "consider whether extraordinary and compelling reasons exist and whether the § 3553(a) factors support a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (citing *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020); *see Jones*, 980 F.3d at 1109 ("[T]he passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release").

Until the Sentencing Commission updates its policy statement to address motions for compassionate release that inmates file, *id.*, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021). Here, Granados's health condition has dramatically deteriorated since she was sentenced and she is in significant pain. Failed efforts to support her while she has been in BOP custody indicate that her present health condition cannot be effectively treated while she remains in custody. Bolstered by the fact that the Government now agrees that her current condition is severe, the Court is convinced that extraordinary and compelling reasons exist to warrant a reduction in Granados's sentence.

Turning to the second requirement, the Court finds that 18 U.S.C. § 3553 factors weigh in favor of compassionate release. This step "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [step one] is warranted in whole or in part under the particular circumstances of the case." *Jones,* F.3d at 1108; *see also United States v. Sandlain*, No. 22-2049, 2023 WL 3244974, at *2 (6th Cir. May 4, 2023) ("A district court has broad discretion over whether to deny relief under the § 3553(a) factors"). "[D]efendants seeking compassionate release must show that their 'personal circumstances' have 'changed so that the district court should weigh the § 3553(a) factors differently than it had at the

original sentencing.'" *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021), *cert. denied*, 213 --- U.S. ---, 142 S. Ct. 2771 (2022) (citations omitted). Granados was sentenced for a violation of her supervised release. She has served the vast majority of her sentence in custody and will serve the rest of it in home confinement, indicating that deterrent goals of confinement have been satisfied. Considering Granados's pain and deteriorating health status, the § 3553(a) factors do not warrant keeping her incarcerated for an additional five weeks.

Accordingly, the Court **GRANTS** Defendant Stephanie Renee Granados's unopposed motion for compassionate release. On an additional call on July 12, 2023, the Court urged the parties to arrange for Granados's family to drive her back to Dayton out of concern for her safety. Because Granados's family was unable to arrange for that travel, the Court **ORDERS** the BOP to facilitate her transportation to her mother's house in Ohio within 48 hours of this order; including Greyhound bus and transportation from the bus station to her mother's house.

Finally, with the agreement of counsel on both sides and for good cause shown, the Court **IMPOSES** the additional requirement that Granados be held in home confinement at her mother's house on an ankle monitor until the end of her original sentence, August 17, 2023, except that she may leave the house for medical appointments.

**IT IS SO ORDERED.**

  July 12, 2023                                         s/Michael J. Newman
                                                                      Hon. Michael J. Newman
                                                                      United States District Judge

cc:    U.S. Probation
        Alisha Gallagher, Esq.
        Senior CLC Attorney
        U.S. Bureau of Prisons